

1 NORTH CHARLES STREET
SUITE 1301
BALTIMORE, MD 21201

## NIETO LAW OFFICE

O: 443.863.8189
F: 443.378.5723
CNIETO@NIETOLAWOFFICE.COM

April 30, 2023

The Honorable Paula Xinis
United States District Court Judge for
The District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

```
_____ FILED      _____ ENTERED
_____ LOGGED  BV  _____ RECEIVED

MAY  4 2023
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY
```

Re:   *United States v. Adrian Haynes*
      Criminal Case No. PX-20-0274

Dear Judge Xinis:

This office represents Mr. Haynes in the above-referenced case. Mr. Haynes is charged with Production of Child Pornography, in violation of 18 U.S.C. §2251(a). Mr. Haynes wishes to plead guilty without an agreement with the government. Accordingly, the purpose of this letter is to memorialize the factual basis for his plea, to confirm that he has knowingly and voluntarily agreed to plead guilty, and to assist the Court in the Rule 11 colloquy.

### Offense of Conviction

1. The Defendant agrees to plead guilty to Count One of the Indictment, which charges the Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland—(1) the Defendant knowingly employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2), for the purpose of producing a visual depiction of such conduct; (2) the victim was a minor; and (3) either: (a) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means, or (b) the visual depiction was mailed or actually transported or transmitted across state lines or in foreign commerce.

The Honorable Paula Xinis
April 30, 2023

## Penalties

3. The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: thirty (30) years imprisonment, with a mandatory minimum sentence of fifteen (15) years; a $250,000 fine; and a period of supervised release of at least five (5) years and up to life. If a fine is imposed, it shall be payable immediately unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release and then violates the conditions of that release, his supervised release could be revoked-even on the last day of the term-and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. Additionally, Mr. Haynes understands that the Bureau of Prisons has sole discretion in designating the institution at which he will serve any term of imprisonment imposed.

## Waiver of Rights

4. Mr. Haynes understands that by pleading guilty, he surrenders certain rights as outlined below:

    a. If Mr. Haynes had persisted in his plea of not guilty, he would have had the right to a speed jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if Mr. Haynes, the Government and the Court all agreed.

    b. If Mr. Haynes elected a jury trial, the jury would be composed of twelve individuals selected from the community. Undersigned counsel and Mr. Haynes would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before Mr. Haynes could be found guilty of any criminal conduct. Similarly, all twelve jurors would all have to agree in order for him to be acquitted and found not guilty as well. If a unanimous verdict of guilty or not guilty did not occur, the government could retry the case as many times as necessary in order to reach a unanimous verdict. The Court would instruct the jury that Mr. Haynes was presumed to be innocent, and the presumption could only be overcome by proof that satisfied the jury beyond a reasonable doubt.

    c. If Mr. Haynes went to trial, the government would have the burden of proving him guilty beyond a reasonable doubt. He would have the right to confront and cross-examine the government's witnesses. He would not have to present any defense witnesses or evidence whatsoever. If he wished to call witnesses in his defense, he would enjoy the subpoena power of the Court to compel the witnesses to attend.

    d. Mr. Haynes would have the right to testify in his own defense if he chose to do so, and he would have the right to remain silent. If he chose not to testify, the Court would instruct the jury that it could not draw any adverse inference from that decision. The Court would instruct the jury that they could not believe that Mr. Haynes was guilty simply because he did not testify.

  e. If Mr. Haynes were found guilty after trial, he would have the right to appeal the verdict and any/all of the Court's pre-trial and trial decisions on the admissibility of evidence to determine if any errors were committed which would require a new trial or dismissal of the charges against him.

  f. By pleading guilty, Mr. Haynes will be giving up these rights, except the right to appeal the sentence. By pleading guilty, he understands that he may have to answer the Court's questions, both about the rights he is giving up and about the facts of his case. However, any statements he makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

  g. If the Court accepts Mr. Haynes's guilty plea, there will be no further trial or proceeding of any kind, and the Court will find him guilty of the illegally re-entering the United States.

  h. Additionally, Mr. Haynes will give up certain valuable civil rights by pleading guilty.

### Advisory Sentencing Guidelines Apply

5. Mr. Haynes understands that a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984. He also understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guideline range in establishing a reasonable sentence.

6. The following advisory sentencing guideline calculations are applicable to this case:

  a. The base offense level is **32**, pursuant to U.S.S.G. 2G2.1(a).

  b. A two (**2**) level increase applies because this offense involved a minor who had attained the age of twelve but not sixteen years pursuant to U.S.S.G. 2G2.1(b)(1)(B)

  c. A two (**2**) level increase applies because the offense involved the commission of a sexual act or contact pursuant to U.S.S.G. 2G2.1(b)(2)(A).

  d. A two (**2**) level increase applies because the Defendant knowingly engaged in distribution in that he counseled, commanded, induced, procured or willfully caused the distribution pursuant to U.S.S.G. 2G2.1(b)(3).

  e. A two (**2**) level increase applies because, for the purpose of producing sexually explicit materials, the offense involved the knowing misrepresentation of a participant's identity to persuade, induce or coerce a minor to engage in sexually explicit conduct pursuant to U.S.S.G. 2G2.1(b)(6).

  f. A five (**5**) level increase applies because this offense involved the exploitation of more than five minor victims pursuant to U.S.S.G. 2G2.1(d)(1).

The Honorable Paula Xinis
April 30, 2023

    g. A two (**2**) level decrease applies because of the Defendant's prompt recognition and affirmative acceptance of responsibility for his criminal conduct pursuant to U.S.S.G. 3E1.1(a).

    h. A one (**1**) level decrease should apply because of the Defendant's timely notification of his intention to plead guilty pursuant to U.S.S.G. 3E.1.1(b).

    i. A five (**5**) level increase is added to the offense level determined under Chapters Two and Three because: the Defendant's instant offense of conviction is a covered sex crime, neither §§ 4B1.1 nor 4B1.5(a) apply, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. Consequently, Mr. Haynes final adjusted offense level is forty-three (**43**).

    j. The final guideline range for Mr. Haynes is **30 years** because the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range (life) pursuant to U.S.S.G. §5G1.1(a).

## Criminal History

7. Mr. Haynes understands that his criminal history could alter his advisory guideline range. However, a pre-plea criminal history investigation was conducted by USPO Ashley Contreras, and that report suggested that Mr. Haynes has two (2) criminal history points and would be in a criminal category II.

## Factual Statement

8. Mr. Haynes agrees that the government would prove beyond a reasonable doubt the following facts if this case were to proceed to trial:

On or about April 1, 2019, Victim 1, a resident of Maryland, contacted the National Center for Missing and Exploited Children ("NCMEC") and reported that Instagram user "darealrico_" had demanded images and videos of Victim 1 engaged in sexually explicit conduct and that they be send over the internet via direct share to "darealrico_". Victim 1 reported that "darealrico_" threatened Victim 1 that if Victim 1 did not continue to produce images of Victim 1 engaged in sexually explicit conduct, "darealrico_" would expose Victim 1 by publishing the previously produced images and videos online.

Law enforcement was able to identify Mr. Haynes as the individual communicating via Instagram with Victim 1 and others via the name "darealrico_". Victim 1 reported that he communicated with "darealrico_" via FaceTime and iMessage, and the phone number "darealrico_" used to communicate was a phone number ending in 3960. The "darealrico_" Instagram account was registered on November 6, 2018 with the same phone number ending in 3960, and this same number was provided by Mr. Haynes to law enforcement previously. Law enforcement also used the IP addresses associated with the communications made by "darealrico_" to determine that many of the communications from this account during the relevant period were coming from Mr. Haynes' residence in Prince George's County, Maryland.

A search warrant was obtained for the contents of the Instagram account associated with

The Honorable Paula Xinis
April 30, 2023

the name darealrico_. Law enforcement reviewed the contents and discovered communications from Mr. Haynes, using this account, to Victim 1 on November 12, 2018, and multiple other dates. In those communications, Mr. Haynes directs Victim 1 to produce videos of Victim 1 engaged in sexually explicit conduct, and send the produced child sexual abuse material to Mr. Haynes. For example, on November 12, 2018, Victim 1 responded to Mr. Haynes' request by sending a 52 second video of Victim 1 engaged in the sexually explicit conduct that was described and requested by HAYNES. Upon receipt, Mr. Haynes requested another one, and Victim 1 then sent a 58 second video of child sexual abuse material that captured the same manner of sexually explicit conduct to Mr. Haynes. Also on this date, Mr. Haynes' misrepresented himself by telling Victim 1 that he was only fifteen years old. He also denied that his name was Adrian by providing a false name.

Mr. Haynes coerced Victim 1 to produce additional material between November 13, 2018, and November 19, 2018. During this period, Victim 1 requested that Mr. Haynes stop, even telling Mr. Haynes that he would engage in self-harm if they continued. Mr. Haynes continued to demand that Victim 1 produce this material and wrote that if he were blocked on Instagram, Mr. Haynes would expose Victim 1's identity online. as the subject in the child sexual abuse material.

Law enforcement's review of Mr. Haynes' Instagram account revealed communications with 16 other Instagram users who self-identified as minors and sent child sexual abuse material to Mr. Haynes pursuant to his request. Mr. Haynes would ask those users by their age, in order to confirm that they were minors, then coerce those users into producing child sexual abuse material specifically as described by Mr. Haynes.

### **Sentence Within the Discretion of the Court**

9. Mr. Haynes understands that the sentence to be imposed is within the sole discretion of the Court. He understands that, with the aid of the Pre-Sentence Report, the Court will determine the relevant factors for consideration at sentencing. In determining the factual basis for the sentence, the Court will consider the factual statement, together with the results of the Pre-Sentence Report, and any other relevant information. The Court is under no obligation to accept any recommendation from either the Defense or the government, and Her Honor has the power to impose a sentence up to and including the statutory maximum of thirty (30) years. Mr. Haynes understands that if the Court should impose any sentence up to the maximum established by statute, he cannot, for that reason alone, withdraw his guilty plea and will remain bound to his plea. No one can make any binding prediction, promise or representation as to what the guidelines range or sentence will be. Mr. Haynes agrees that no such binding prediction or promise has been made.

### **Conclusion**

10. I have carefully reviewed the concepts and stipulations embodied in this letter with Mr. Haynes. To my knowledge, his decision to plead guilty to the offense charged in the Indictment, as set forth in this letter, is an informed and voluntary one.

Sincerely,

The Honorable Paula Xinis
April 30, 2023

                                                   /s/
                                      Christopher C. Nieto, Esq.
                                      Nieto Law Office, LLC
                                      1 North Charles Street, Suite 1302
                                      Baltimore, MD 21202
                                      (443) 863-8189  Office
                                      (443) 378-5723  Fax
                                      cnieto@nietolawoffice.com

CC: Timothy Hagan, AUSA
     Ashley Contreras, USPO

## SORNA

✓ Mr. Haynes understands and agrees that, as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, is an employee, and is a student, pursuant to the Sex Offender Registration & Notification Act (SORNA) and the laws of the state of his residence. Failure to do so may subject Mr. Haynes to new charges pursuant to 18 U.S.C. sec. 2250.

## Penalties

✓ Mr. Haynes must also pay an additional special assessment of $5,000, unless the Defendant is indigent, pursuant to 18 U.S.C. sec. 3014

✓ Mr. Haynes must also pay any additional special assessments of up to $50,000 per production count, pursuant to 18 U.S.C. sec. 2259A.